IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RANDY MADLOCK, a/k/a RANDY MEDLOCK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | No. 2:20-cv-02382-TLP-tmp ) ) |
| STATE OF TENNESSEE THIRTIETH JUDICIAL COURT OF MEMPHIS, TEN 38103 DIVISION 2, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER MODIFYING THE DOCKET, DISMISSING AMENDED COMPLAINT WITH PREJUDICE, DENYING LEAVE TO AMEND, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, AND DISMISSING CASE**

Plaintiff Randy Madlock, a/k/a Randy Medlock,[1] sued pro se under 42 U.S.C. § 1983 (ECF No 1), and in February 2021, the Court screened his claims under the Prison Litigation and Reform Act, 28 U.S.C. 1915A(b) ("Screening Order"). (ECF No. 11.) In that Screening Order, the Court dismissed Plaintiff's complaint without prejudice for failure to state a claim. (*Id.* at PageID 77.) The Court also gave Plaintiff thirty days to amend his claims. (*Id.*) As a result, Plaintiff amended his complaint now here for rescreening under the PLRA. *See* 28 U.S.C. § 1915A(b); *see also* § 1915(e)(2)(B).

---

[1] The State of Tennessee is housing Plaintiff at the Shelby County Criminal Justice Center in Memphis, Tennessee. His booking number is 19124670.

Like Plaintiff's initial pleadings here, this Court has a hard time deciphering the allegations in his Amended Complaint. The Court will try to characterize his claims accurately. Based on Plaintiff's amended filings, the Court respectfully directs the Clerk to modify the docket to add Judge Glenn Wright and Judge J. Robert Carter as Defendants.

The Court now turns to its analysis of Plaintiff's amended claims.

## ANALYSIS

Plaintiff's Amended Complaint merely repeats the claims in his original complaint.[2] In his original pleadings, Plaintiff alleged that the State of Tennessee Thirtieth Judicial Court ("State Court") deprived him of his speedy trial rights and that the state of Tennessee ("State") "recycle[ed] his property" without jurisdiction in violation of his equal protection rights. (ECF No. at PageID 2–10.) He also asked the Court to dismiss the charges against him because the indictment was deficient. (*Id.* at PageID 3.) Finally he complained about the "spread of COVID-19" at the Shelby County Criminal Justice Center ("Jail"). (*Id.* at PageID 1; ECF No. 1-1 at PageID 15–18.)

Here Plaintiff repeats these allegations in his Amended Complaint, but he fails to remedy the pleading deficiencies that the Court identified in the Screening Order. And so, for the reasons explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

First, Plaintiff sues the State because he claims that the State Court lacked jurisdiction over him. (ECF No. 12 at PageID 79, 81, 83–86 & 88.) He alleges that "the [state] court lacks standing in the claim of action under the merit of jurisdiction rights [sic]" and that the "court

---

[2] Plaintiff seeks $1.3 million in damages for his alleged injuries. (ECF No. 12 at PageID 86 & 92.)

rendered judgment without jurisdiction. (*Id*. at PageID 91–92.) But as the Screening Order explained, Plaintiff cannot sue the State because the doctrine of sovereign immunity bars his claim. (ECF No. 11 at PageID 68–69.)

Second, Plaintiff's Amended Complaint repeats his claims that Judge Glenn Wright (the judge in his state court criminal action) deprived him of his due process rights by confining him in the Jail during the COVID-19 pandemic. (ECF No. 12 at PageID 82, 85–86 & 92.) But as the Court explained in the first Screening Order, Judge Wright is immune from suit under the doctrine of judicial immunity. (ECF No. 11 at PageID 71–73.)

If Plaintiff seeks to add Tennessee state court Judge Robert Carter to this action, it does not change the Court's judicial immunity analysis. Judge Carter is a state criminal court judge. (*See* ECF No. 12.) Plaintiff alleges that the court transferred his case to Judge Carter's division. (*Id*. at PageID 84-90). He claims that Judge Carter "has negligently denied Plaintiff jurisdictional review of the court trying the case pursuant to Tenn. Rule 12(b)" and that "[p]rior law required territorial jurisdiction to be established beyond a reasonable doubt that the court lacks standing in the cause of action, states a claim on which relief may be granted [sic]." (*Id*.)

But Judge Carter is immune from suit here too. Because (1) presiding over criminal proceedings falls under a state judge's jurisdiction, and (2) Judge Carter was acting within the scope of his judicial function during Plaintiff's state case, Judge Carter is entitled to judicial immunity. *See Lucas v. Holland*, No. 16-2309-JDT-cgc, 2017 WL 1088300, at *5 (W.D. Tenn. Mar. 22, 2017). As a result, the Amended Complaint fails to state a claim against both Judge Wright and Judge Carter.

Finally, Plaintiff references the COVID-19 pandemic again, but still fails to explain his COVID-19 claims. He argues that he is entitled to relief because his confinement exposed him

to "health risk[s]" from the "COVID-19 outbreak." (ECF No. 12 at PageID 82, 86.) He claims also that Judge Wright failed "to take action in safe-guard[ing] against the mitigate risk of infection of coronavirus to plaintiff afterward, the court became aware [that] the virus had spread in the facility [sic]". (*Id*. at PageID 85.) He thus asks the Court for $350,000 due to his exposure to COVID-19.  (*Id.* at PageID 92.)

All in all, his claims about the spread of COVID-19 fail. This is because Plaintiff does not explain how the "spread of COVID-19" violates his constitutional rights. (*See* ECF No. 11 at PageID 71.) And other than naming Judge Wright (who, as explained above, is immune from suit), he also fails to allege who violated his rights, or when.

In sum, the Amended Complaint has the same insufficiencies as Plaintiff's initial pleadings. Simply repeating the allegations does not remedy their pleading defects. In the end, Plaintiff fails to state a claim on which relief may be granted under § 1983. For these reasons, the Court **DISMISSES** the Amended Complaint **WITH PREJUDICE**. (ECF No. 12.)

### **AMENDMENT UNDER THE PLRA**

The Court also **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In fact, the Sixth Circuit prefers "liberality" in allowing amendment at the screening stage under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019). And the Court has also stated "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Id.* (quoting *Brown*, 415 F. App'x at 614).

Even so, the Court finds that this is the rare case when it would not be possible for Plaintiff to amend his complaint to state a claim for relief. The named defendants here—the

state of Tennessee, Judge Wright, and Judge Carter—are all immune from Plaintiff's claims. What is more, Plaintiff has twice failed to state a claim for relief under § 1983. So here, further amendment would be futile. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001). The Court therefore finds that it should not give Plaintiff another opportunity to amend his complaint.

## APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court also has to consider whether an appeal by Plaintiff here would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants, but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons this Court dismisses this case for failure to state a claim, the Court finds that an appeal would not be taken in good faith.

The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that if Plaintiff appeals, it would not be taken in good faith. The Court thus **DENIES** leave to proceed on appeal in forma pauperis. And so if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from affording in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." For the § 1915(g) analysis of Plaintiff's future filings, the Court recommends that dismissal of this case be treated as a strike under 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## CONCLUSION

In sum, the Court **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE** for failure to state a claim on which relief can be granted and for seeking monetary relief from Defendants that are immune from that relief, under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). The Court further **DENIES** leave to amend. The Court also **CERTIFIES** that any appeal here would not be taken in good faith and **DENIES** Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 24th day of August, 2021.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE